# EXHIBIT A

**(Summons & Complaint, filed
5/29/2020 - District Court of NV Case
No. A-20-815719-C)**

# EXHIBIT A

Lance A. Maningo
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
702.626.4646
lance@maningolaw.com
Attorney for Plaintiff

**DISTRICT COURT**
**CLARK COUNTY, NEVADA**

| | |
|---|---|
| HYPERION PARTNERS, LLC<br>a Nevada Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>CREATIVE MOBILE TECHNOLOGIES<br>LLC, a New York Limited Liability<br>Company, DOES I through V, and ROE<br>CORPORATIONS VI through X, inclusive,<br><br>Defendants. | Case No.: A-20-815719-C<br><br>Dept No.: |

# SUMMONS

**NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS. READ THE INFORMATION BELOW.**

TO THE DEFENDANTS, CREATIVE MOBILE TECHNOLOGIES, LLC: A Complaint has been filed by the Plaintiff against you for the relief set forth in the Complaint.

1. If you intend to defend this lawsuit, within 20 days after this Summons is served on you exclusive of the day of service, you must do the following:

    a. File with the Clerk of this Court, whose address is shown below, a formal written response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

    b. Serve a copy of your response upon the attorney whose name and address is shown below.

2. Unless you respond, your default will be entered upon application of the Plaintiff and this Court may enter a judgment against you for the relief

1

demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3. If you intend to seek the advice of any attorney in this matter, you should do so promptly so that your response may be filed on time.

4. The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators, each have 45 days after service of Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted By:

By: _____
LANCE A. MANINGO, ESQ.
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
Attorney for Plaintiff

CLERK OF COURT

By: _____ 6/1/2020
Deputy Clerk
Regional Justice Center
200 Lewis Avenue
Las Vegas, Nevada 89155

Demond Palmer

Electronically Filed
5/29/2020 9:58 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Lance A. Maningo
MANINGO LAW
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
702.626.4646
lance@maningolaw.com
Attorney for Plaintiff

CASE NO: A-20-815719-C
Department 4

DISTRICT COURT
CLARK COUNTY, NEVADA

| | |
|---|---|
| HYPERION PARTNERS, LLC a Nevada Limited Liability Company, <br><br> Plaintiff, <br><br> vs. <br><br> CREATIVE MOBILE TECHNOLOGIES LLC, a New York Limited Liability Company, DOES I through V, and ROE CORPORATIONS VI through X, inclusive, <br><br> Defendants. | Case No.: <br><br> Dept No.: |

## COMPLAINT

COMES NOW Plaintiff HYPERION PARTNERS, LLC, a company (hereinafter referred to as "Plaintiff"), by and through their attorney of record, LANCE MANINGO, of MANINGO LAW, and for their causes of action against Defendants, CREATIVE MOBILE TECHNOLOGIES, LLC., a New York Limited Liability Company, (hereinafter collectively referred to as "Defendants"), allege as follows:

### THE PARTIES

1. That at all time relevant hereto, Plaintiff HYPERION PARTNERS, LLC, is a Nevada Limited Liability Company and is qualified to do business in Clark County, Nevada.

1

2. Upon information and belief, at all times relevant hereto, Defendants CREATIVE MOBLE TECHNOLOGIES, LLC, is a New York Limited Liability Company and is qualified to do business in Queens County, New York.

3. That the true name or capacities, whether individual, corporate, associate or otherwise of Defendants, DOES I through V, ROE CORPORATIONS VI through X, and each of them, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated here as a DOE and/or ROE CORPORATION are legally responsible in some manner relative to the events and happenings referred to herein.

## FACTUAL BACKGROUND

4. That HYPERION PARTNERS, LLC, is a company that, in part, sells cellular communication devices, including but not limited to, cell phones and cellular supported tablets.

5. The Defendants, CREATIVE MOBILE TECHNOLOGIES, LLC, is, in part, a company that provides equipment, content and support services to the taxi industry in more than 35 states including Nevada.

6. Defendants contacted Plaintiff to provide Defendants with specifically identified cellular communication products and negotiated purchase of same from Plaintiff.

7. The parties entered into a number of contracts prior wherein Plaintiff provided cellular communication devices to Defendants from Nevada and Defendants paid for same.

8. On September 20, 2018, Plaintiff tendered an invoice to Defendants in the amount of $28,480.00 which indicated that payment was due upon arrival. No payment has been made for that invoice and it remains due and owing.

9. On March 8, 2019, Plaintiff tendered an invoice to Defendants in the amount of $36,640.00 which indicated that payment was due upon arrival. No payment has been for made for that invoice and it remains due and owing.

10. On April 23, 2019, Plaintiff tendered an invoice to Defendants in the amount of $87,936.00 which indicated that payment was due in 60 days - June 22, 2019. No payment has been made for that invoice which remains due and owing.

11. That on February 4, 2020, Plaintiff by its attorney sent a final demand letter to Defendants demanding payment on all outstanding invoices.

12. Plaintiff has attempted through various means, including but not limited to, electronic mail, regular mail, text messages and demand letters to secure payment, to no avail.

13. Over the course of performance in this relationship, Plaintiff has shipped items, along with an invoice, and Defendants has tendered payment to Plaintiff in the State of Nevada.

## JURISDICTION AND VENUE

14. Plaintiff is a Limited Liability Company formed under the laws of the State of Nevada with a principal place of business in Clark County, Nevada.

15. Defendants is a New York Limited Liability Company and is qualified to do business in Queens County, New York.

16. Defendants reached into the State of Nevada to and contacted Plaintiff to begin a business relationship with a Nevada-based company and Defendants received the services of Plaintiff.

17. Defendants further reached into the State of Nevada by entering into contracts to provide its equipment, content and support services to the Nevada taxi industry and uses same as proof of its nationwide business model.

18. Defendants tendered payment on previous contracts to Plaintiff in Nevada where a Nevada-based bank was used to process same.

3

19. Defendants have formed a series of contracts with Plaintiff as well as other business entities in the State of Nevada and have availed themselves of the laws of the State of Nevada.

20. Nevada is the situs of the harm caused by Defendants, to wit: failure to perform under the contract between the parties.

21. That Defendants have the necessary minimum contacts with the State of Nevada, to wit: transactions with multiple Nevada-based businesses, including Plaintiff.

22. The contracts with Plaintiff and others Nevada businesses allow the State to exercise personal jurisdiction over Defendants and said exercise of jurisdiction does not offend traditional notions of a fair play and justice.

23. The State of Nevada court system, specifically the Eighth Judicial District of Nevada, has jurisdiction over these contracts and venue is proper for litigation of same within the State of Nevada.

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT**

24. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 23 of this Complaint as though stated fully herein.

25. That on or about September 20, 2018, the parities entered into a valid contract for delivery of cellular communication devices where were duly provided to Defendants.

26. That Plaintiff issued Invoice 3136 to Defendants which required Defendants to pay $24,480.00 upon receipt.

27. That at all times relevant herein, Plaintiff fully performed pursuant to the contract.

28. That failure to pay the amount due is a default per the terms of the contract.

4

29. That Defendants have retained the property of Plaintiff without proper payment for same.

30. That as a result of Defendants' breach of contract, Plaintiff has been damaged in an amount in excess of $10,000.

## SECOND CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 30 of this Complaint as though stated fully herein.

32. That on or about September 20, 2018, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 3136.

33. That each and every contract created under the laws of the State of Nevada includes an implied covenant to act in good faith in performance of the obligations of both parties and good faith in enforcement of the contract.

34. That Plaintiff had a justifiable expectation that Defendants would perform and confer certain benefits to Plaintiff, to wit: full payment of purchase price of cellular devices.

35. That Defendants have failed to perform contractual obligations by refusing to pay the purchase price for devices provided.

36. That the Defendants' refusal to pay the amount due and owing is a deliberate evasion of its' duties under the contract.

37. Defendants' acts are willful, wanton and in reckless disregard for the rights of Plaintiff so as to constitute malice, fraud, oppression and justify the award of punitive damages.

38. That as a result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess in $10,000.

## THIRD CAUSE OF ACTION
## CONVERSION

39.     Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 38 of this Complaint as though stated fully herein.

40.     That on or about September 20, 2018, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 3136.

41.     That on February 4, 2020, Plaintiff, by its attorney, sent a final demand letter to Defendants demanding payment per the contract.

42.     That Plaintiff, at all times herein, performed pursuant to the contract.

43.     That Defendants breached the contract by taking possession of the devices but failing and/or refusing to make payment as required by the contract.

44.     The Defendants have retained and converted to its their use the property of Plaintiff to the benefit of the Defendants and to the detriment of Plaintiff.

45.     That as a result of Defendants' Conversion, Plaintiff has been damaged in an amount in excess of $10,000.

## FOURTH CAUSE OF ACTION
## UNJEST ENRICHMENT

46.     Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 45 of this Complaint as though stated fully herein.

47.     That on or about September 20, 2018, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 3136.

48.     That on February 4, 2020, Plaintiff, by its attorney, sent a final demand letter to Defendants demanding payment per the contract.

49.     That Plaintiff, at all times herein, performed pursuant to the contract.

6

50. That Defendants breached the contract by failing and/or refusing to make payments as required by the contract.

51. That Defendants have been unjustly enriched by retention of the property of Plaintiff to the benefit of Defendants and to the detriment of Plaintiff.

52. That as a result of the Defendants' Unjust Enrichment, Plaintiff has been damaged in the amount in excess of $10,000.

### FIFTH CAUSE OF ACTION
### BREACH OF CONTRACT

53. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 52 of this Complaint as though stated fully herein.

54. That on or about March 8, 2019, the parities entered into a valid contract for delivery of cellular communication devices where were duly provided to Defendants.

55. That Plaintiff issued Invoice 5676 to Defendants which required Defendants to pay $36,640.00 upon receipt.

56. That at all times relevant herein, Plaintiff fully performed pursuant to the contract.

57. That failure to pay the amount due is a default per the terms of the contract.

58. That Defendants have retained the property of Plaintiff without proper payment for same.

59. That as a result of Defendants' breach of contract, Plaintiff has been damaged in an amount in excess of $10,000.

### SIXTH CAUSE OF ACTION
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

60. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 59 of this Complaint as though stated fully herein.

7

61. That on or about March 8, 2019, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 5676.

62. That each and every contract created under the laws of the State of Nevada includes an implied covenant to act in good faith in performance of the obligations of both parties and good faith in enforcement of the contract.

63. That Plaintiff had a justifiable expectation that Defendants would perform and confer certain benefits to Plaintiff, to wit: full payment of purchase price of cellular devices.

64. That Defendants have failed to perform contractual obligations by refusing to pay the purchase price for devices provided.

65. That the Defendants' refusal to pay the amount due and owing is a deliberate evasion of its' duties under the contract.

66. Defendants' acts are willful, wanton and in reckless disregard for the rights of Plaintiff so as to constitute malice, fraud, oppression and justify the award of punitive damages.

67. That as a result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess in $10,000.

### SEVENTH CAUSE OF ACTION
### CONVERSION

68. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 67 of this Complaint as though stated fully herein.

69. That on or about March 8, 2019, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 5676.

70. That on February 4, 2020, Plaintiff, by its attorney, sent a final demand letter to Defendants demanding payment per the contract.

71. That Plaintiff, at all times herein, performed pursuant to the contract.

72. That Defendants breached the contract by taking possession of the devices but failing and/or refusing to make payment as required by the contract.

73. The Defendants have retained and converted to their own use the property of Plaintiff to the benefit of the Defendants and to the detriment of Plaintiff.

74. That as a result of Defendants' Conversion, Plaintiff has been damaged in an amount in excess of $10,000.

### EIGHTH CAUSE OF ACTION
### UNJEST ENRICHMENT

75. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 74 of this Complaint as though stated fully herein.

76. That on or about March 8, 2019, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 5676.

77. That on February 4, 2020, Plaintiff, by its attorney, sent a final demand letter to Defendants demanding payment per the contract.

78. That Plaintiff, at all times herein, performed pursuant to the contract.

79. That Defendants breached the contract by failing and/or refusing to make payments as required by the contract.

80. That Defendants have been unjustly enriched by retaining the devices of Plaintiff to the benefit of Defendants and to the detriment of Plaintiff.

81. That as a result of the Defendants' Unjust Enrichment, Plaintiff has been damaged in the amount in excess of $10,000.

////

////

9

## NINTH CAUSE OF ACTION
## BREACH OF CONTRACT

82. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 81 of this Complaint as though stated fully herein.

83. That on or about April 23, 2019, the parities entered into a valid contract for delivery of cellular communication devices where were duly provided to Defendants.

84. That Plaintiff issued Invoice 6875 to Defendants which required Defendants to pay $87,936.00 within 60 days, or by June 22, 2019.

85. That at all times relevant herein, Plaintiff fully performed pursuant to the contract.

86. That failure to pay the amount due is a default per the terms of the contract.

87. That Defendants have retained the property of Plaintiff without proper payment for same.

88. That as a result of Defendants' breach of contract, Plaintiff has been damaged in an amount in excess of $10,000.

## TENTH CAUSE OF ACTION
## BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

89. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 88 of this Complaint as though stated fully herein.

90. That on or about April 23, 2019, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 6875.

91. That each and every contract created under the laws of the State of Nevada includes an implied covenant to act in good faith in performance of the obligations of both parties and good faith in enforcement of the contract.

10

92. That Plaintiff had a justifiable expectation that Defendants would perform and confer certain benefits to Plaintiff, to wit: full payment of purchase price of cellular devices.

93. That Defendants have failed to perform contractual obligations by refusing to pay the purchase price for devices provided.

94. That the Defendants' refusal to pay the amount due and owing is a deliberate evasion of its' duties under the contract.

95. Defendants' acts are willful, wanton and in reckless disregard for the rights of Plaintiff so as to constitute malice, fraud, oppression and justify the award of punitive damages.

96. That as a result of Defendants' breach of the covenant of good faith and fair dealing, Plaintiff has been damaged in an amount in excess in $10,000.

### ELEVENTH CAUSE OF ACTION
### CONVERSION

97. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 96 of this Complaint as though stated fully herein.

98. That on or about April 23, 2019, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 6875.

99. That on February 4, 2020, Plaintiff, by its attorney, sent a final demand letter to Defendants demanding payment per the contract.

100. That Plaintiff, at all times herein, performed pursuant to the contract.

101. That Defendants breached the contract by taking possession of the devices but failing and/or refusing to make payment as required by the contract.

102. The Defendants have retained and converted to its own use the property of Plaintiff to the benefit of the Defendants and to the detriment of Plaintiff.

11

103. That as a result of Defendants' Conversion, Plaintiff has been damaged in an amount in excess of $10,000.

## TWELVETH CAUSE OF ACTION
## UNJEST ENRICHMENT

104. Plaintiff repeats, re-alleges and incorporates herein by reference Paragraph 1 through 103 of this Complaint as though stated fully herein.

105. That on or about April 23, 2019, the parties formed a valid contract for sale of goods upon the acceptance of the cellular communication devices by Defendants, as expressed in Invoice 6875.

106. That on February 4, 2020, Plaintiff, by its attorney, sent a final demand letter to Defendants demanding payment per the contract.

107. That Plaintiff, at all times herein, performed pursuant to the contract.

108. That Defendants breached the contract by failing and/or refusing to make payments as required by the contract.

109. That Defendants have been unjustly enriched by retaining the devices of Plaintiff to the benefit of Defendants and to the detriment of Plaintiff.

110. That as a result of the Defendants' Unjust Enrichment, Plaintiff has been damaged in the amount in excess of $10,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. General damages in an amount in excess of $10,000, for each cause of action noted herein;

2. Special damages in an amount in excess of $10,000, for each cause of action noted herein;

3.  Punitive damages in the amount in excess of $10,000, for each cause of action noted herein;

4.  For an award of attorney's fees and costs associated with this litigation; and

5.  For such other and further relief as this Court deems necessary.

DATED this 25th day of May, 2020.

MANINGO LAW

By: _____
Lance A. Maningo
Nevada Bar No. 6405
400 South 4th Street, Suite 650
Las Vegas, Nevada 89101
Attorney for Plaintiff

13